LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Kaitlyn A. Redfield-Ortiz
State Bar No. 030318
Natalie B. Virden
State Bar No. 031609
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nicholas.enoch@azbar.org

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Adam J. Palmer, a single man; William J. Morrison, a single man; Sarai Phillips, a single woman; Lance Benchley, a single man; and a class of others similarly situated, | No. 2:15-cv-00636-SRB |
| Plaintiffs, | **FIRST AMENDED COLLECTIVE ACTION COMPLAINT** |
| v. | |
| Gavin and Nancy Hays, husband and wife; and SpringBoard, Inc., an Arizona Corporation | |
| Defendants. | |

**NOW COME** Plaintiffs, Adam J. Palmer, William J. Morrison, Sarai Phillips, and Lance Benchley, by and through their attorneys, Lubin & Enoch, P.C., bringing this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

**INTRODUCTION**

1.  Plaintiffs are former employees of Defendants Gavin and Nancy Hays and their company, SpringBoard, Inc.

(hereinafter "SpringBoard" and collectively referred to as "Defendants").

2.   In this lawsuit, Plaintiffs allege that Defendants have willfully contravened their right to be compensated for all overtime due them in accordance with the FLSA, 29 U.S.C. § 207.

**PARTIES**

3.   Plaintiffs, except for Plaintiff Benchley, currently and during all times relevant to this proceeding, have resided in Maricopa County, Arizona.  Plaintiff Benchley is a resident of Missoula, Montana, however he lived in Maricopa County during the time he worked for Defendants.

4.   Plaintiffs are former employees of Defendants as defined in 29 U.S.C. § 203(e)(1).

5.   Pursuant to 29 U.S.C. § 216(b) Plaintiffs also seek to represent all other similarly situated employees who work, or have worked, for Defendants as Relationship Managers at Defendants' main office, located at 6970 E. Chauncey Lane Suite #110, Phoenix, Arizona, since March 3, 2012, and who have not been paid the requisite overtime compensation.

6.   Plaintiffs request that they be permitted to serve as representatives of those who will later consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs presently believe and allege that the class includes approximately twenty (20) to thirty (30) separate individuals who have, since March 6, 2012, worked for Defendants as Relationship Managers. Accordingly, joinder of all members of the class would be impracticable.

8. The claims asserted herein on behalf of Plaintiffs and the class present questions of law and fact common to the class including, in particular, whether Defendants have, *inter alia*, failed to pay the requisite overtime compensation to their employees and whether Defendants misclassified their Relationship Managers as FLSA exempt employees.

9. Plaintiffs' claims are typical of the claims of the class.

10. Plaintiffs, as representative parties, will fairly and adequately protect the interests of the class.

11. The prosecution of separate lawsuits by individual members of the class would not only be judicially inefficient, but it would also create a risk of inconsistent or varying adjudication with respect to individual members of the class, which would establish incompatible standards of conduct for Defendants.

12. Defendants Gavin and Nancy Hays (hereinafter collectively referred to as "the Hays") are now, and at all times relevant hereto have been, husband and wife, constituting a marital community under the laws of the State of Arizona. The acts engaged in, and the omissions made by,

the Hays were performed as agents, and for the benefit, of the marital community.

13. Upon information and belief, the Hays are residents of Maricopa County, Arizona, and have been for all times relevant to this proceeding.

14. The Hays are "employer[s]" as defined in 29 U.S.C. § 203(d).

15. SpringBoard is an Arizona corporation with its principal place of business at 6970 E. Chauncey Lane Suite #110, Phoenix, Arizona 85054. According to its website, SpringBoard focuses "exclusively on finding highly rewarding jobs for skilled clinical professionals working in catheterization labs, electrophysiology, and imaging."

16. Gavin Hays ("Mr. Hays") is the CEO and sole director of SpringBoard. Nancy Hays ("Mrs. Hays") is the statutory agent for SpringBoard. The Hays, and Mr. Hays in particular, exercise managerial responsibilities and substantial control over the terms and conditions of the employees' work. Among other things, Mr. Hays is primarily responsible for hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

17. SpringBoard is an "employer" as defined in 29 U.S.C. § 203(d).

18. Upon information and belief, SpringBoard is not only influenced and governed by the Hays, but there is such

4

a unity of interest and ownership that the individuality, or separateness, of SpringBoard and the Hays has ceased to exist.

19. Upon information and belief, the facts are such that an adherence to the fiction of the separate existence of SpringBoard and the Hays would, under these particular circumstances, sanction a fraud or promote injustice.

20. SpringBoard's annual gross volume of sales or business done is not less than $500,000. In addition, while they were employed by Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce. For instance, while Plaintiffs were employed by Defendants as Relationship Managers they communicated with individuals all over the United States and placed these individuals in jobs in multiple states.

### JURISDICTION AND VENUE

21. Plaintiffs originally filed this action in Maricopa County Superior Court on March 6, 2015. Defendants timely and properly removed this action to this Court on April 8, 2015.

22. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS

24. From on or about July 29, 2013 through approximately October 28, 2014, Defendants employed Adam

J. Palmer ("Palmer").  During this period of time, Palmer worked for Defendants as a so-called Relationship Manager.

25.  As a Relationship Manager, Palmer's responsibilities consisted of the following: performing recruitment responsibilities, marketing available staff to existing and prospective clients, identifying candidates by recruiting the most qualified employees available, developing new and existing candidates, and making 300+ phone calls and having upwards of 12 hours of phone talk time weekly.  *See* Exhibit A.

26.  From on or about September 30, 2013 through approximately November 4, 2014, Defendants employed Sarai Phillips ("Phillips").  During this time, Phillips worked as a so-called Relationship Manager at SpringBoard's main office.

27.  Phillips' responsibilities were the same as Palmer's, described in ¶ 24, *supra*.  *See* Exhibit B.

28.  From on or about May 7, 2013 through approximately September 11, 2014, Defendants employed William Morrison ("Morrison").  During this time, Morrison worked as a so-called Relationship Manager at SpringBoard's main office.

29.  Morrison's responsibilities were the same as Palmer's, described in ¶ 24, *supra*.  *See* Exhibit C.

30.  From on or about December 2, 2013 through approximately June 9, 2014 Defendants employed Lance Benchley ("Benchley").  During this time, Benchley worked

as a so-called Relationship Manager at SpringBoard's main office.

31. Benchley's responsibilities were the same as Palmer's, described in ¶ 24, *supra*.

32. Upon information and belief, other Relationship Managers at SpringBoard's main office had, and continue to have, similar responsibilities.

33. According to SpringBoard's employee handbook, attached hereto as Exhibit D, full-time employees, like Relationship Managers, are those who work a minimum of thirty-eight (38) hours per week.

34. Plaintiffs and other Relationship Managers were scheduled to work Monday through Thursday from 8:00 a.m. until 5:30 p.m. with a one hour lunch break and Friday from 8:00 a.m. until 5:00 p.m. with a one hour lunch break.

35. Relationship Managers were scheduled to work, and did work, at minimum, forty-two (42) hours per week.

36. Plaintiffs did not always take their lunch breaks and, therefore, occasionally worked through their lunch breaks.

37. Upon information and belief, other Relationship Managers also worked through their lunch breaks.

38. Plaintiffs' and other Relationship Managers' salaries were not adjusted if they worked through their lunch breaks.

39. Plaintiffs were paid on a purported salary basis,

plus commissions.

40.   Upon information and belief, other Relationship Managers were also paid on a salary basis, plus commissions.

41.   An employer must satisfy five conditions in order to take advantage of the fluctuating work week calculation of overtime.  *See Blotzer v. L-3 Communs. Corp.*, 2012 U.S. Dist. LEXIS 173126 (D. Ariz. 2012).

42.   The five conditions that must be satisfied to take advantage of the fluctuating work week are: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a fixed salary; (3) the salary must meet the minimum wage standards; (4) the employee and employer must have a clear mutual understanding that the salary (not including overtime premiums) is fixed regardless of the number of hours the employee works; and (5) the employee must receive overtime compensation for hours worked in excess of 40 hours, not less than one-half the rate of pay.  *Id.,* 29 C.F.R. § 778.114(a).

43.   Plaintiffs and other Relationship Managers consistently worked over 40 hours per week.

44.   Plaintiffs and other Relationship Managers were never told that they were going to be paid using the fluctuating work week method.

45.   Plaintiffs and other Relationship Managers were not paid any additional amount of compensation for the hours they worked over 40 hours per week.

46. Furthermore, the fluctuating work week method of pay should not be applied retroactively in a misclassification case. *Blotzer* at *35.

47. When Plaintiffs took a sick day, left early, or arrived late, time was deducted from their paychecks at their hourly rate.

48. Upon information and belief, other Relationship Managers also received deductions in pay when they took a sick day, arrived late, or left early.

49. Plaintiffs were not paid extra if they came in early, stayed late, or worked extra hours on the weekend.

50. Plaintiffs did, on occasion, come in early, stay late, and work on the weekend.

51. Upon information and belief, on occasion, other Relationship Managers also arrived early, stayed late, and worked on the weekend, and were also not paid for the additional time worked.

52. Plaintiffs were often required to work on weekends in order to complete their assigned work and meet the 300 calls per week requirement.

53. Plaintiffs and Defendants were aware of other Relationship managers working over their lunch hour, after hours, and on weekends.

54. Plaintiffs responded to numerous work-related phone calls and emails on the weekend.

55. Plaintiffs and Defendants were aware of other Relationship Managers also responding to work-related

phone calls and emails on the weekend.

56. Plaintiffs and other Relationship Managers were not paid anything above their usual salary for the time they spent working on weekends.

57. Plaintiffs were never compensated at a rate of one and one-half times (1 ½ x) their regular rate for hours worked over forty (40) hours per week, as required under 29 U.S.C. § 207.

58. Upon information and belief, SpringBoard classified Relationship Managers, like Plaintiffs, as "exempt" under the FLSA.

59. Plaintiffs and other Relationship Managers were misclassified by the Defendants as exempt under the FLSA.

60. The overtime pay requirements of the FLSA do not apply to salaried employees who work in a bona fide executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1). Plaintiffs, as well as the other members of the putative collective action, clearly do not fall within any of the legally recognized exemptions. Indeed, it is well-settled that FLSA exemptions are to be narrowly construed against employers, like Defendants, and withheld except as to persons plainly and unmistakably within the terms of the regulation.

61. The administrative exemption to the FLSA applies to employees whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer.

62. Under the FLSA, "work related to management or general business operations" includes, "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." 29 C.F.R. § 541.201.

63. Plaintiffs and other Relationship Managers did not perform the types of tasks listed in ¶ 61, *supra*.

64. Furthermore, to qualify for the administrative exemption, "an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202.

65. Factors to be considered when determining if an employee exercise discretion and independent judgment include, "whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have

significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances." 29 C.F.R. § 541.202.

66. Plaintiffs and other Relationship Managers did not perform the types of tasks listed in ¶ 64, *supra*.

## CLAIM FOR RELIEF
### Violation of FLSA Overtime Compensation Standard

67. Defendants have willfully failed to compensate Plaintiffs, and others similarly situated, for overtime hours they worked, as required under 29 U.S.C. § 207. Plaintiffs, and others similarly situated, are entitled to receive compensation at a rate of one and one-half times (1½ x) their regular wage rate for any hours worked for the Defendants in excess of forty (40) hours in any week, plus liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), which form an integral part of the relief sought.

68. The foregoing conduct, as alleged, constitutes a

willful violation of the FLSA within the meaning of 29
U.S.C. § 255(a).

### PRAYER

**WHEREFORE,** Plaintiffs pray that they recover from
Defendants the following:

1.  An award of unpaid overtime in an amount
    appropriate to the proof adduced at trial
    pursuant to 29 U.S.C. §§ 207 and 216(b);

2.  An award of liquidated damages regarding number
    1, *supra*, in an amount appropriate to the proof
    adduced at trial pursuant to 29 U.S.C. § 216(b);

3.  An enhancement payment of no less than $5,000 to
    Adam Palmer, Sarai Phillips, William Morrison,
    and Lance Benchley, as compensation for the
    expense they incurred on behalf of the class.

4.  A declaratory judgment pursuant to the Federal
    Declaratory Judgment Act, 28 U.S.C. § 2201, that
    Defendants have willfully and wrongfully violated
    their statutory and legal obligations and
    deprived Plaintiffs, and the members of the
    class, of their rights, privileges, protections,
    compensation, benefits, and entitlements under
    the law, as alleged herein;

5.  Attorneys' fees pursuant to 29 U.S.C. § 216(b);

6.  Court costs and costs of litigation pursuant to
    29 U.S.C. § 216(b);

7.  In the event Defendants fail to satisfy any

13

judgment against them within ten (10) days of the
judgment becoming final, Defendants shall pay to
the prevailing Plaintiffs an amount which is
treble the amount of the outstanding judgment
with interest thereon, in accordance with A.R.S.
§ 23-360; and

8.   Such other and further equitable relief as the
Court deems just.

RESPECTFULLY SUBMITTED this 13th day of April, 2015.

LUBIN & ENOCH, P.C.


/s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiffs

///
///
///
///
///
///
///
///
///
///
///
///
///
///

14

**CONSENT TO JOIN COLLECTIVE ACTION**

    I understand that this lawsuit is brought under the FLSA, as amended, 29 U.S.C. § 216(b). I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

_____
Adam J. Palmer
Plaintiff


_____
William J. Morrison
Plaintiff


_____
Sarai Phillips
Plaintiff


_____
Lance Benchley
Plaintiff

## CONSENT TO JOIN COLLECTIVE ACTION

I understand that this lawsuit is brought under the FLSA, as amended, 29 U.S.C. § 216(b). I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

_____
Adam J. Palmer
Plaintiff


_____
William J. Morrison
Plaintiff


_____
Sarai Phillips
Plaintiff


_____
Lance Benchley
Plaintiff

## CONSENT TO JOIN COLLECTIVE ACTION

I understand that this lawsuit is brought under the FLSA, as amended, 29 U.S.C. § 216(b). I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

_____
Adam J. Palmer
Plaintiff

_____
William J. Morrison
Plaintiff

_____
Sarai Phillips
Plaintiff

_____
Lance Benchley
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2015, I electronically transmitted the attached First Amended Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.

/s/Cristina Gallardo-Sanidad